**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KODY CREE PATTEN,

Petitioner

v.

STATE OF NEVADA, *et al*.,

Respondents

Case No. 3:22-cv-00310 RCJ-CLB

**Order**

The court denied Kody Cree Patten's application to proceed *in forma pauperis* in his *pro se* 28 U.S.C. § 2254 habeas action and directed him to pay the $5.00 filing fee. (ECF No. 4.) He failed to comply with the court's order or contact the court in any way. Accordingly, the court dismissed his petition for failing to comply with the order, and judgment was entered. (ECF Nos. 5, 7.)

Patten filed a motion for reconsideration. (ECF No. 11.) He informed the court that he timely submitted a brass slip to request that the filing fee be paid to his unit caseworker. Initially, his caseworker told Patten that he handles all brass slips and would take care of it. (*Id*. at 2.) Shortly thereafter, Patten and his caseworker had a disagreement that ended with the caseworker informing Patten "don't ask me for anything….I won't help you." (*Id*.) Patten sets forth a timeline of events that appears to

demonstrate that he diligently and repeatedly tried to get the fee submitted to the court. The court had no way to know that Patten was attempting to pay because he never notified the court or sought an extension of time. However, in light of his detailed motion, the court will grant reconsideration. The order dismissing the petition is vacated. The order denying the application to proceed *in forma pauperis* is also vacated. But subsequent to Patten filing for reconsideration, he paid the $5.00 filing fee. Thus his application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

The court has now reviewed the petition pursuant to Habeas Rule 4, and it will be docketed and served on respondents. A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Patten has also filed a motion for appointment of counsel. (ECF No. 9.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id*. § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel is appropriate if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v.*

*Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). Patten's petition reflects that he pleaded guilty to first-degree murder in order to avoid the death penalty for a killing he committed when he was 18 years-old. He was sentenced to life in prison without the possibility of parole. (ECF No. 1-1 at 2.) It is unclear whether some of his claims may be complex. The court will therefore appoint counsel in order to ensure due process.

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration of the court's order dismissing the petition **(ECF No. 11) is GRANTED**.

IT IS FURTHER ORDERED that the court's order dismissing the petition **(ECF No. 5) is VACATED.**

IT IS FURTHER ORDERED that the court's order denying petitioner's application to proceed *in forma pauperis* **(ECF No. 4) is VACATED**.

IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* **(ECF No. 1) is DENIED** as moot.

IT IS FURTHER ORDERED that the Clerk of Court to file and electronically serve the petition (ECF No. 1-1) on the respondents.

IT IS FURTHER ORDERED that the Clerk add Aaron D. Ford, Nevada Attorney General, as counsel for respondents and provide respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

IT IS FURTHER ORDERED petitioner's motion for appointment of counsel **(ECF No. 9) is GRANTED.**

IT IS FURTHER ORDERED that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner.

IT IS FURTHER ORDERED that the Clerk electronically serve the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus. (ECF No. 1-1.) The FPD has 30 days from the date of entry of this order to file a notice of appearance or to indicate to the court its inability to represent petitioner in these proceedings.

IT IS FURTHER ORDERED that after counsel has appeared for petitioner in this case, the court will issue a scheduling order, which will, among other things, set a deadline for the filing of an amended petition.

IT IS FURTHER ORDERED that petitioner's motion to reopen the case **(ECF No. 12) is DENIED** as moot.

DATED this 10th day of August, 2023.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE