UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| KODY CREE PATTEN , Petitioner, v. GARRETT, *et al.*, Respondents. | Case No. 3:22-cv-00310-MMD-CLB ORDER |

Kody Cree Patten filed a counseled Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 35 ("Petition")). This matter is before the Court on Respondents' Motion to Seal Exhibits (ECF No. 50), Motion to Dismiss the Amended Petition ("Motion to Dismiss" (ECF No. 53)), Petitioner's Motion to Extend Time to file an Opposition to the Motion to Dismiss (ECF No. 58); and Respondent's Motion for Enlargement of Time to file Reply to Opposition to the Motion to Dismiss (ECF No. 60). For the reasons explained below, the Court grants in part and denies in part the Motion to Dismiss and grants the other motions.

## I. BACKGROUND

On May 9, 2012, Patten pleaded guilty under the terms of a plea agreement to first-degree murder with use of a deadly weapon in exchange for the State's promise not to seek the death penalty. (ECF Nos. 46-14, 46-17.) Patten admitted that, on March 3, 2011, he murdered his ex-girlfriend Micaela Costanzo about five miles west of Wendover Nevada by hitting her in the throat with a sharp-pointed end of a shovel. (ECF No. 46-17

at 6, 9.) On September 7, 2012, Patten was sentenced to life imprisonment without the possibility of parole. (ECF No. 47-14 at 4.) He did not appeal. (ECF No. 35 at 6.)

On February 20, 2013, Patten filed a *pro se* state post-conviction petition for a writ of habeas corpus. (ECF No. 47-31.) The state district court denied the petition on March 15, 2021. (ECF No. 49-9.) The Nevada Court of Appeals affirmed the denial of the petition and a remittitur issued on March 15, 2022. *See Patten v. Gittere*, 503 P.3d 1173 (Nev. App. 2022); (ECF Nos. 49-33, 49-34).

Patten mailed or handed his federal habeas petition to a correctional officer on July 4, 2022. (ECF No. 15 at 1, 29.) The Court appointed counsel who filed an Amended Petition on April 10, 2025. (ECF Nos. 14, 35.)

## II. MOTION TO DISMISS

### A. Timeliness

Respondents contend Grounds 1(B), 2, and 3 of the Amended Petition should be dismissed because they do not relate back to the original petition. (ECF No. 53 at 8; ECF No. 61 at 2.) Respondents and Patten agree the original *pro se* petition was timely, as it was filed before the limitation period for filing a federal habeas petition, but that the Amended Petition is untimely. (ECF Nos. 53 at 4-5; 59 at 2; 61 at 2-3.) Patten alleges his amended claims relate back to his original petition. (ECF No. 59 at 2-6.)

Under Federal Rule of Civil Procedure 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." The Supreme Court has held, "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). "[H]ence relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659. A claim that merely adds "a new legal

theory tied to the same operative facts as those initially alleged" will relate back and be timely. *See id.* at 659 & n.5.

Determining "whether an amended petition relates back to an original petition that relied on an appended written instrument to help set forth the facts on which it based its claims" requires a two-step analysis. *See Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir. 2020) (*en banc*). First, the court must "determine what claims the amended petition alleges and what core facts underlie those claims." *Id.* Second, "for each claim in the amended petition," the court must examine "the body of the original petition and its exhibits" to see whether the pleading set out or attempted to set out "a corresponding factual episode," or "whether the claim is instead supported by facts that differ in both time and type" from those in the original petition. *Id.*

Pleadings filed by *pro se* litigants, "'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers . . ..'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) (explaining that *pro se* litigant's pleadings are liberally construed and entitled to the benefit of any doubt). A court considers the contents of the original petition, not its form, *see Ross*, 950 F.3d at 1173 & n.19, and applies liberally the relation-back doctrine. *See Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 & n.29 (9th Cir. 1982).

Relation back does not require the "facts in the original and amended petitions be stated in the same level of detail." *Ross*, 950 F.3d at 1168. "If a petitioner attempts to set out habeas claims by identifying specific grounds for relief in an original petition and attaching a [written instrument] that provides greater detail about the facts supporting those claims, that petition can support an amended petition's relation back." *Ross*, 950 F.3d at 1167. On the other hand, "[i]f an exhibit to the original petition includes facts

unrelated to the grounds for relief asserted in that petition, those facts were not 'attempted to be set out' in that petition and cannot form a basis for relation back." *Id.* at 1168.

**1. Ground 1.**

Ground 1 of the Amended Petition alleges trial counsel provided ineffective assistance by failing to (1) investigate Patten's defenses before he entered a guilty plea, and (2) advise Patten of his defenses causing the guilty plea to be neither informed nor voluntary. (ECF No. 35 at 8-10.) Before addressing whether these claims relate back to the original petition, the Court must first determine what claims were raised in the original petition.

In his timely *pro se* petition, Patten specified he raised only one ground for relief, stated, "see attached pages," and explained he: "is using as his Ground 1, the ineffective assistance of counsel claim written by his state-appointed appellate counsel, Richard Sears. This is taken directly from his 'Appellant's Opening Brief,' Case No. 82715, that was previously filed in the Nevada Supreme Court." (ECF No. 15 at 3-21.)

The pages that Patten attached from his postconviction counsel's opening brief for the state appeal, state the issue in Ground 1 as follows: "Issue 1: Whether defense counsel were deficient in their performance and if so, did that deficiency prejudice the defendant, what relevant facts are needed to resolve the false confession in this case?" (ECF No. 15 at 6.) The pages of the opening brief attached to the original petition state a broad claim of ineffective assistance of trial counsel focused on counsel's failure to investigate the false statements of Patten and his codefendant concerning their respective involvement in the murder: "The dilemma this case presented to the defense counsel from its inception is not whether or not a homicide occurred. The dilemma in this case is whether the failure to investigate multiple false confessions resulted in an unjust result." (*Id.*) The Nevada Court of Appeal ascertained the sole claim raised in the counseled state postconviction opening brief was that trial counsel was ineffective for

failing to investigate whether Patten offered a false confession to protect his codefendant from legal liability. *See Patten*, 503 P.3d 1173; (ECF No. 49-33 at 3).

Because Patten did not seek reconsideration or rehearing to correct the Nevada Court of Appeals' understanding of the claim raised in his state postconviction appellate brief, the Court concludes the Nevada Court of Appeals' interpretation of the claim raised in the state postconviction appellate brief is a reasonable ascertainment of the claim. And because Patten stated his counsel's state postconviction opening brief attached to the original petition is the basis for Ground 1 of the original petition, the Court concludes Ground 1 of the original petition alleges the same claim addressed by the Nevada Court of Appeals, i.e., that trial counsel was ineffective for failing to investigate whether Patten offered a false confession to protect his codefendant from legal liability.

The Court additionally finds, however, that Patten attempted to assert in his original petition a second claim. Patten attached a page from the State's brief in opposition to Patten's state postconviction petition. (ECF No. 15 at 22-23.) The page from the State's brief in opposition contains text addressing Patten's claim in the state district court that trial counsel failed to fully advise Patent of all his defenses to first-degree murder before Patten's entry of his guilty plea. (*Id.*) Patten explained in his original petition that he attached that page because it "supports Patten's Ineffective Assistance of Counsel claim that the acceptance of the plea bargain amounts to a miscarriage of justice." (*Id.*) Thus, Patten's own understanding of the claim he raised in his original petition is that his trial counsel was ineffective for advising him to accept the plea agreement because such advice constituted a miscarriage of justice.

Because *pro se* documents, unlike counseled pleadings, are liberally construed, and it appears that Patten attempted to set out a claim involving counsel's advice to accept the plea agreement, the Court concludes the original petition filed in the Court raised two grounds for relief: (1) trial counsel was ineffective for failing to investigate

whether Patten offered a false confession to protect his codefendant from liability; and (2) trial counsel was ineffective in advising Patten to accept the plea agreement because it resulted in a miscarriage of justice.

The Court accordingly concludes the amended claims in Ground 1 were raised in the original petition. The motion to dismiss Grounds 1(A) and 1(B) as untimely is denied.

**2. Ground 2**

Ground 2 of the Amended Petition alleges trial counsel provided ineffective assistance by (A) allowing Patten to proffer incriminating information to the prosecutor without first securing a written plea agreement or ensuring Patten made an informed decision whether he intended to plead guilty before the proffer; and (B) failing to advocate for Patten, because in the presence of the prosecutor, counsel informed Patten that he would be found guilty of first-degree murder at trial. (ECF No. 35 at 10-12.) The core facts involved in Ground 2 are that there was no plea agreement in place before Patten's proffer, Patten provided incriminating information during the proffer, and during the proffer, Patten's counsel told him that he would be convicted of first-degree murder if he chose to go to trial. (ECF No. 35 at 10-12.)

Respondents argue Ground 2 does not relate back because the original petition did not allege trial counsel was ineffective in allowing the proffer to occur. (ECF No. 53 at 5-6; ECF No. 61 at 3-4.) Patten argues Ground 2 relates back because the original petition contains the same factual episode, i.e., the proffer and the absence of a plea agreement related to the offer. (ECF No. 59 at 5.)

The Court concludes the claims raised in Ground 2 were not alleged in the original petition, as the original petition raised no claims arising out of counsel's advice or actions concerning Patten's proffer to the State. The original petition states that, after the codefendant confessed her involvement in the murder, the prosecutor "made an offer to the defense attorneys agreeing to resolve the case without the death penalty, at least, for

the first defendant who would tell what happened causing the death of Michaela Costanza." (ECF No. 15 at 8-9). The original petition states Patten was "at first" "willing to give an accurate account of the events, but after providing a recorded proffer to the district attorney" "changed his mind and refused to make a deal." (*Id.*) After the proffer, the codefendant gave another confession after which Patten pleaded guilty to first-degree murder to avoid the prospect of a death sentence. (*Id.*)

Relation-back depends on the existence of a common core of operative facts uniting the original and newly asserted claims but does not require the "facts in the original and amended petitions be stated in the same level of detail." *Ross*, 950 F.3d at 1168. The Court liberally construes the facts supporting the claims that Patten attempted to present in the original petition and finds the claims raised in Ground 2 relate back to his original claim of ineffective assistance of trial counsel for advising him to plead guilty to first-degree murder. The facts underlying the claims in the original and amended petitions are united in that they arise from the same transaction: counsel's advice to plead guilty to first-degree murder. Accordingly, the motion to dismiss Ground 2 as untimely is denied.

**3. Ground 3**

Ground 3 alleges trial counsel was ineffective at sentencing because they failed to present scientific evidence regarding adolescent brain development. (ECF No. 35 at 12-17.) The core facts supporting the claims are that Patten was 18 years old at the time of the murder, his actions at the time of the murder were influenced by pressure from his codefendant girlfriend, and studies show younger people are less capable of premeditation and prone to impulsivity. (*Id.*)

Respondents argue Ground 3 does not relate back because the original petition does not include any facts regarding trial counsel's performance at sentencing. (ECF No. 53 at 6; ECF No. 61 at 4-5.) Patten argues the claims in Ground 3 relate back because they arise from the same factual core alleged in the original petition, i.e., counsel's failure

to investigate and present mitigation evidence bearing on Patten's culpability and punishment at sentencing. (ECF No. 59 at 5-6.)

The Court concludes the amended claims in Ground 3 were not alleged in the original petition, as the original petition raised no claims arising out of facts concerning counsel's assistance at sentencing. The original petition contained factual allegations that the codefendant "made jail statements exonerating Patten from participation in the murder," and it was not known whether trial counsel investigated that evidence "for either sentencing mitigation or guilt purposes." (ECF No. 6 at 13-14.)

The original petition attempted to allege an ineffective-assistance-of-counsel claim related to sentencing and mitigation based on factual allegations that the codefendant made jail statements exonerating Patten, not based on Patten's age or brain development. Although the original petition mentioned mitigation and sentencing, it did not base claims related to mitigation and sentencing based on any other facts. Because the claim in Ground 3 does not arise from the core facts underlying the claims raised in the original petition, the motion to dismiss Ground 3 as untimely is granted.

**B. Exhaustion and Procedural Default**

Respondents move to dismiss Grounds 1(B), 2, and 3 of the Amended Petition as unexhausted and procedurally defaulted. (ECF No. 53 at 6-8; ECF No. 61 at 5-9.) Patten argues he exhausted Grounds 1(B), 2, and 3, or alternatively, can overcome default under *Martinez*. (ECF No. 59 at 6-19.) Because the Court has dismissed Ground 3 as untimely, the Court considers only whether Ground 1(B) and Ground 2 are exhausted.

**1. Standards for Evaluating Exhaustion and Procedural Default**

A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal

or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916-18 (9th Cir. 2004); *see also Garrison v. McCarthy*, 653 F.2d 374, 376 (9th Cir. 1981).

To achieve exhaustion, the state court must be "alerted to the fact that the prisoner[] [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *See Bland v. Cal. Dep't of Corr.*, 20 F.3d 1469, 1473 (9th Cir. 1994) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).

A petitioner may reformulate his claims so long as the substance of his argument remains the same. *See Picard v. Connor*, 404 U.S. 270, 277-78 (1971). And new factual allegations that do not "fundamentally alter the legal claim already considered by the state courts" will not render a claim unexhausted. *See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *see also Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014) (*en banc*) (explaining that, "[a] claim has not been fairly presented in state court if new factual allegations either fundamentally alter the legal claim already considered by the state courts, or place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.") (internal citations omitted).

A claim is technically exhausted, but implicitly procedurally defaulted, when a petitioner has not raised the claim in the state court and a return to state court to exhaust the claim would be futile considering state procedural rules. *See O'Sullivan*, 526 U.S. at 848. Procedurally defaulted claims are not barred from federal review "if the petitioner can demonstrate either (1) 'cause for the default and actual prejudice as a result of the alleged violation of federal law,' or (2) 'that failure to consider the claims will result in a

fundamental miscarriage of justice.'" *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Under *Martinez v. Ryan*, 566 U.S. 1 (2012), a petitioner can overcome procedural default of a claim of ineffective assistance of trial counsel if he can demonstrate: (1) the claim of ineffective assistance of trial counsel is a substantial claim; (2) the cause consisted of there being no counsel or only ineffective counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim; and (4) state law requires an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding." *See Trevino v. Thaler*, 569 U.S. 413 (2013) (quoting *Martinez*, 566 U.S. 1)). Nevada law requires prisoners to raise ineffective assistance of counsel claims for the first time in a state petition seeking postconviction review, which is the initial collateral review proceeding for purposes of the *Martinez* rule. *See Rodney v. Filson*, 916 F.3d 1254, 1259-60 (9th Cir. 2019).

**2. Ground 1(B)**

Ground 1(B) of the Amended Petition alleges trial counsel provided ineffective assistance in failing to advise Patten before he pleaded guilty to first-degree murder that, based on the theory that the codefendant was the driving force for the murder, a jury could find him guilty of second-degree murder or manslaughter. (ECF No. 35 at 8-10.) Respondents contend these allegations are unexhausted because Patten failed to fairly present the claim to the state appellate courts. (ECF No. 53 at 8; ECF No. 61 at 6-7.) Patten argues that he exhausted this claim, the new allegations do not fundamentally alter the claim presented to the state courts, or alternatively, he can overcome any default under *Martinez*. (ECF No. 59 at 7-8.)

In his opening brief to the Nevada Court of Appeals, Patten alleged his trial counsel was ineffective for failing to investigate or assert a defense based on the false

confessions, i.e., Patten said only he was involved, but his codefendant later divulged her involvement. (ECF No. 49-20 at 7-22.) The Nevada Court of Appeal, in its affirmance, considered a claim that trial counsel was ineffective for failing to investigate whether Patten offered a false confession to protect his codefendant from legal liability. *See Patten*, 503 P.3d 1173; (ECF No. 49-33 at 3). The Nevada Court of Appeals concluded Patten did not identify any actions counsel should have undertaken to ascertain whether Patten's confession was an accurate account of the murder or that counsel would have uncovered evidence showing Patten offered a false confession or a reasonable probability Patten would have insisted on proceeding to trial had counsel conducted further investigation into the accuracy of Patten's confession. *See id.*

The Court concludes the claim in Ground 1(B) is exhausted because, although the legal theory of ineffective assistance of counsel is slightly different than the claim raised in the state court, the new factual allegations do not fundamentally alter the legal claim already considered by the Nevada Court of Appeals, i.e., that trial counsel was ineffective in failing to investigate the false confession before Patten pleaded guilty. The motion to dismiss Ground 1 as unexhausted and procedurally defaulted is therefore denied.

**3. Ground 2**

Ground 2 of the Amended Petition alleges trial counsel provided ineffective assistance by (A) allowing Patten to proffer incriminating information to the prosecutor without first securing a written plea agreement or ensuring Patten made an informed decision whether he intended to plead guilty before the proffer; and (B) failing to advocate for Patten because, in the presence of the prosecutor, counsel informed Patten that he would be found guilty of first-degree murder at a trial. (ECF No. 35 at 10-12.)

The claims in Ground 2 were not presented to the state courts and are therefore technically exhausted by procedural default. Patten contends he can overcome the procedural default under Martinez. (ECF No. 59 at 6-19.) Because the analysis of

prejudice under *Martinez* is necessarily intertwined with the merits of the claims raised in Ground 2, the Court defers consideration of whether Patten can overcome the procedural default of his claims of ineffective assistance of counsel in Ground 2 until after the parties have submitted the remainder of their briefs on the merits of the claims in the Petition.

**III. MOTION TO SEAL EXHIBITS**

Respondents filed a motion seeking permission to file under seal: (1) Lake's Crossing Correspondence and Psychiatric Evaluation dated May 27, 2011 (Exhibit 35) (ECF No. 51-1), and (2) Patten's Presentence Investigation Report dated July 9, 2012 (Exhibit 150) (ECF No. 51-2). (ECF No. 50 at 1-2.) Having reviewed and considered the matter in accordance with *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and its progeny, the Court finds that a compelling need to protect Patten's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records. The Court grants the Motion to Seal.

**IV. MOTIONS TO EXTEND TIME**

Patten filed an Unopposed Motion for Extension of Time to File Opposition to the Motion to Dismiss (Third Request). (ECF No. 58.) The Court finds the request is made in good faith and not solely for the purpose of delay, and therefore good cause exists to grant the motion. *See* Fed. R. Civ. P. 6(b); *see also* LR 6-1.

On February 24, 2026, Respondents filed an Unopposed *Nunc Pro Tunc* Motion for Enlargement of Time to File Reply to Opposition to Motion to Dismiss (First Request), explaining that they missed the deadline due to a clerical error. (ECF No. 60.) The Court finds the failure to meet the deadline is due to excusable neglect, the request is made in good faith and not solely for the purpose of delay, and good cause exists to grant the motion. *See* Fed. R. Civ. P. 6(b); *see also* LR 6-1.

///

///

## V. CONCLUSION

It is therefore Ordered that the Motion to Seal (ECF No. 50) is granted. Exhibits 35 and 150 are considered properly filed under seal.

It is further ordered that Respondents' Motion to Dismiss the Amended Petition (ECF No. 53) is granted in part and denied in part. The Court grants the motion to dismiss Ground 3 of the Amended Petition as untimely. The Court denies the Motion to Dismiss Grounds 1 and 2 without prejudice to Respondents asserting procedural defenses in their Answer. The Court defers its determination whether Patten can establish cause and prejudice to overcome the procedural default of Ground 2 until the time of its merits decision.

It is further ordered that Petitioner's Motion for Extension of Time to File Opposition to Motion to Dismiss (Third Request) (ECF No. 58) is granted *nunc pro tunc*. Petitioner's Opposition to the Motion to Dismiss (ECF No. 59) is considered timely.

It is further ordered that Respondents' Unopposed *Nunc Pro Tunc* Motion for Enlargement of Time to File Reply to Opposition to Motion to Dismiss (First Request) (ECF No. 60) is granted *nunc pro tunc*. Respondent's Reply to the Opposition to Motion to Dismiss (ECF No. 61) is considered timely.

It is further ordered that Respondents have 45 days after service of this Order to file their Answer to the Amended Petition. Petitioner will then have 30 days following filing of an Answer to file a Reply. (*See* ECF No. 20.)

DATED THIS 5th Day of August 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE